UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12317-RWZ

CRAIG LAMBERT

v.

JAMES J. FIORENTINI, et al.

ORDER

April 1, 2019

.

ZOBEL, S. D.J.

Craig Lambert ("plaintiff"), a retired police officer with the City of Haverhill, Massachusetts, brings this action against Alan R. DeNaro, Chief of the Haverhill Police Department, and James J. Fiorentini, Mayor of Haverhill (collectively "defendants"), for relief from their denial of his application for a Law Enforcement Officer Safety Act ("LEOSA") identification card. 18 U.S.C. § 926C.   Defendants have moved for judgment on the pleadings (Docket # 9).

I.     Background

LEOSA provides that a "qualified retired law enforcement officer" who obtains the requisite state-issued identification may "carry a concealed firearm that has been shipped or transported in interstate or foreign commerce," notwithstanding any contrary state or local law.  Id.  While LEOSA is a federal law, the issuance of the identification card is left to the states.  In Massachusetts, "[t]he chief law enforcement officer for a law

enforcement agency shall issue an identification card to a qualified retired law enforcement officer who retired from that law enforcement agency." 501 Mass. Code Regs. § 13.03.  A "qualified retired law enforcement officer" is defined as, inter alia, "[a]n individual who ... separated from service in good standing."[1] Id. § 13.02.

Because the Massachusetts regulations do not define "good standing," local regulations and policies may provide such definition.  Frawley v. Police Com'r of Cambridge, 46 N.E.3d 504, 517 (Mass. 2016).  The Haverhill Police Department's policy defines "separated ... in good standing" to mean that the individual, at the time of retirement, was not "charged with or suspected of criminal activity ... or ... under investigation or facing disciplinary action for an ethical violation of departmental rules, or for any act of dishonesty."  Haverhill Police Department, Policy & Procedure No. 22.2.7-III(D) at Docket # 11 at 7.

Plaintiff retired on March 22, 2014, and, in January 2017, requested an identification card from Alan R. DeNaro, the Chief of the Haverhill Police Department ("Police Chief").  On October 2, 2017, the Police Chief officially denied plaintiff's request by letter, explaining that plaintiff did not qualify for the identification card because "he left employment under a disability prior to the completion of an Internal Affairs investigation, which could have potentially resulted in discipline up to and including termination."  Docket # 1-3 at 13.

Plaintiff then filed a four-count complaint in the Essex Superior Court, which defendants timely removed to this court asserting federal question jurisdiction,  28

---

[1] The Massachusetts regulation contains other requirements that are not at issue in this case, including, for example, that the retired officer have had "statutory powers of arrest" before separating from service.  501 Mass. Code Regs. § 13.02.

U.S.C. § 1441, based on Count II, which alleges civil rights violations under 42 U.S.C. § 1983. Count II also invokes the Massachusetts Constitution. In addition, the complaint, in Count I, alleges a civil action in the nature of certiorari pursuant to Mass. Gen. L. ch. 249 § 4. See Frawley, 46 N.E.3d at 513 (civil action pursuant to Mass. Gen. L. ch. 249 § 4 is the appropriate avenue of relief for challenging denial of LEOSA identification card). Count III asserts that defendants acted negligently in "discharg[ing] the legal duties" owed to plaintiff as a retired police officer. Docket # 1-3 at 10. And, lastly, Count IV – vaguely titled "Equity" – alleges that the October 2, 2017, letter contained inaccurate and unsupported assertions of fact.

## II.    Legal Standard & Analysis

Defendants have moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c), which is governed by the same standard as a Rule 12(b)(6) motion to dismiss. Thus, to survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court may consider the complaint and its exhibits, documents incorporated by reference in the complaint, and public records.[2] See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); see also Grajales v. Puerto Rico Ports

---

[2]    The state court docket sheet (Docket # 13-1) is properly considered a public record. See Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000) ("a court ordinarily may treat documents from prior state court adjudications as public records"). Moreover, the court considers the Haverhill Police Department's Policy & Procedures, quoted supra, because the authenticity of the policy is not disputed by the parties and the standards for issuing LEOSA cards is central to plaintiff's claims. See Ironshore Specialty Ins. Co. v. United States, 871 F.3d 131, 135 (1st Cir. 2017). The court does not otherwise consider the "Record of Proceedings" (Docket # 11) submitted by defendants.

Auth., 682 F.3d 40, 44 (1st Cir. 2012).

### A.     Count I

In reviewing a denial of a retired police officer's request for an identification card for LEOSA purposes, the "court will examine whether the ... decision was arbitrary and capricious such that it constituted an abuse of ... discretion." Frawley, 46 N.E.3d at 515.  A decision is arbitrary or capricious if it "lacks any rational explanation that reasonable persons might support." Id. at 516 (citations ommitted).

In the instant case, the Police Chief determined that plaintiff was not in "good standing" because when he retired, a disciplinary issue remained open.  The issue dated back to August 2012, when plaintiff was determined to have engaged in insubordination and misconduct in violation of the Haverhill Police Department's Code of Conduct.  The Police Chief imposed a five-day suspension without pay and recommended to the Mayor that plaintiff receive an additional fifty-five day suspension.  However, plaintiff went on "injured leave" just before the suspension was imposed.  The Haverhill Police Department subsequently withheld five days' pay from plaintiff, but in a lawsuit filed by plaintiff to recover that pay, a state court found that plaintiff's "injured leave" status precluded the imposition of the suspension. Lambert v. DeNaro et al., No. 1377-CV-00351 (Mass. Super. Nov. 26, 2013); see Docket # 13-1.  Plaintiff remained on "injured leave" until he retired and the requisite hearing to determine whether a further suspension was warranted never occurred.

Thus, at the time of plaintiff's retirement in March 2014, his suspension had yet to be served and the decision as to additional punishment had not been addressed.  Cf. Frawley, 46 N.E.3d at 518 (denial of identification card constituted abuse of discretion

when, at the time of the denial, the retired law enforcement officer had been cleared of wrongdoing).  Accordingly, it was neither arbitrary nor capricious for the Police Chief to conclude that plaintiff was still "facing disciplinary action for an ethical violation of departmental rules" when he separated from the department.  Haverhill Police Department, Policy & Procedure No. 22.2.7-III(D) at Docket # 11 at 7.  Defendants' motion for judgment on the pleadings is thus allowed with respect to Count I.

  **B.** **Count II**

Count II purports to assert a claim under 42 U.S.C. § 1983 and the Massachusetts Constitution.  Plaintiff does not reference specific constitutional rights, but rather refers to "civil rights to life (self defense) and property (the [LEOSA] card)."  Docket #1-3.

To the extent plaintiff is alleging a procedural due process claim, Count II fails because plaintiff does not even allege what process he is due or that the state-law remedies (including the certiorari process under Mass. Gen. L. ch. 249 § 4) are inadequate.  See Rumford Pharmacy, Inc. v. City of E. Providence, 970 F.2d 996, 999-1000 (1st Cir. 1992) (dismissal of procedural due process claims warranted when complaint failed to allege the unavailability of constitutionally adequate state law remedies).

Further, if plaintiff is alleging a substantive due process claim, that too fails.  Whether an individual has a cognizable interest in a LEOSA card for due process purposes is a question not yet addressed by the First Circuit.  Compare Henrichs v. Illinois Law Enf't Training & Standards Bd., 306 F.Supp. 3d 1049, 1058 (N.D. Ill. 2018) (LEOSA does not create an individual right enforceable under 42 U.S.C. § 1983), with

DuBerry v. D.C., 824 F.3d 1046, 1054 (D.C. Cir. 2016) (LEOSA does create a cognizable right).  Even assuming, arguendo, that plaintiff has an established and protectible interest, plaintiff's allegations, if proven, fall short of the type of "governmental action that shocks the conscience" required for a substantive due process claim.  Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 145 (1st Cir. 2016) ("[T]o assert a viable substantive due process claim, a plaintiff has 'to prove that they suffered the deprivation of an established life, liberty, or property interest, and that such deprivation occurred through governmental action that shocks the conscience.'") (emphasis in original) (quoting Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008)).  Defendants' motion with respect to Count II is therefore allowed.[3]

  **C.**  **Remaining Counts: Counts III and IV**

Defendants' motion is also allowed with respect to Counts III and IV.  Count III alleges negligence, but such a claim is barred by the Massachusetts Tort Claims Act.  Mass. Gen. L. ch. 258, § 2 (barring negligence claims against public employees related to performance of their official duties); id. § 10(e) (barring "any claim based upon the ... denial ... or refusal to issue ... any permit, license, certificate, approval, order or similar authorization" against public employers).  And lastly, Count IV simply does not state a cause of action.  Plaintiff's opposition to defendants' motion states that "[Count 4] is the request for the [c]ourt to order the credential, there being no basis offered for its refusal." Docket # 14 at 13.  But, even so, that claim fails for the reasons that Count I fails.

---

[3] Plaintiff's Massachusetts Constitutional claims, which should have been brought pursuant to Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. L.ch. 12, § 11I, suffer the same fate because plaintiff has failed to sufficiently allege a violation of state constitutional law.  See Najas Realty, LLC, 821 F.3d at 141("[T]he MCRA is narrower than § 1983 in that it limits its remedy to conduct that interferes with a secured right 'by threats, intimidation or coercion.'").

### III.    Conclusion

Defendants' motion (Docket # 9) is ALLOWED.  Judgment may be entered for defendants.

|  |  |
|---|---|
| _____April 1, 2019_____ | _____/s/Rya W. Zobel_____ |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |